**UNITED STATES of America,
Plaintiff,**

v.

**Santana Romero DOTTERY,
Defendant.**

No. 03–20064–BC.

United States District Court,
E.D. Michigan,
Northern Division.

Jan. 24, 2005.

Janet L. Parker, Bay City, MI, for Plaintiff.

Arthur M. Fitzgerald, Bay City, MI, Richard M. Lustig, Birmingham, MI, for Defendant.

## OPINION AND ORDER GRANTING IN PART DEFENDANT'S MOTION FOR CLARIFICATION OF ENTRAPMENT DEFENSE AND GRANTING IN PART DEFENDANT'S MOTIONS TO DISMISS AND STRIKE SURPLUSAGE FROM THE SUPERSEDING INDICTMENT

LAWSON, District Judge.

The defendant presently is charged in a three-count superseding indictment with violations of the Controlled Substances Act. Two of the counts carry statutory mandatory minimum sentences based on the type and quantity of substances alleged. At a final pretrial conference on May 17, 2004, the defendant proposed to plead guilty as charged without the benefit of a plea agreement with the government, but he announced his intention to challenge at sentencing whether he should be held responsible for the type and quantity of drugs alleged in the indictment due to governmental conduct amounting to entrapment. The Court expressed doubt about the validity of the defendant's proposed procedure, terminated the plea hearing, and allowed the defendant to file

a motion seeking a ruling on the propriety of his position. The defendant then filed a motion for clarification of the entrapment defense on June 8, 2004 to which the government responded. The Court held a hearing on the motion on September 3, 2004, after which the parties asked for additional time to submit supplemental authority on the issues. The Court granted that request. The parties have not submitted supplemental authority, but they have filed additional motions, including the defendant's motions for discovery, to dismiss the superseding indictment, and to strike surplusage from the superseding indictment, and the government's motion to revoke bond. The bond motion is presently set for a hearing. The Court has reviewed the parties' submissions and finds that the relevant law and facts have been set forth in the motion papers and that oral argument will not aid in the disposition of the motions, save the bond and discovery motions. Accordingly, it is **ORDERED** that the defendant's remaining motions be decided on the papers submitted. *See* E.D. Mich. LR 7.1(e)(2).

## I.

On December 17, 2003, the grand jury returned an indictment charging the defendant with knowingly using a communications device to facilitate a drug transaction on January 2, 2002 contrary to 21 U.S.C. § 843(b) (count 1); possessing five grams or more of cocaine base (crack) on January 3, 2002 with the intent to distribute it contrary to 21 U.S.C. § 841(a) and (b)(1)(B) (count 2); and distribution of fifty grams or more of crack cocaine on January 4, 2002 contrary to 21 U.S.C. § 841(a) and (b)(1)(A) (count 3). As mentioned above, the defendant attempted to plead guilty to the indictment on May 17, 2004 without a plea agreement. The Court explained to the defendant that the Court would not accept the plea absent an admission by the defendant to each of the elements of the respective offenses, including the type and quantity of drugs, in order to establish the statutory violations. If the defendant admitted those elements, he could not later challenge them at a sentencing hearing on the basis of entrapment or otherwise. The defendant requested an opportunity to seek clarification of the legal issues raised by the Court, and the Court terminated the plea hearing.

On July 14, 2004, the grand jury returned a superseding indictment charging the same offenses but adding additional facts intended to address "sentencing factors" that might be relevant to determining a sentencing range under the United States Sentencing Guidelines. Specifically, the allegations in Count 1 were expanded to include a claim that the defendant used a telephone to facilitate the distribution of fifty to 150 grams of crack. Count 2 was modified to add that the amount of crack possessed was more than twenty grams but less than fifty grams. Count 3 was unchanged. The government's return to the grand jury undoubtedly was prompted by the decision in *Blakely v. Washington*, 542 U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), which invalidated a state sentencing scheme in which a defendant's sentence exposure within the statutory maximum penalty could be increased under the state sentencing guidelines by judge-found facts that had not been determined by a jury. The superseding indictment brought those sentencing facts forth for a determination by the jury.

In his motion seeking clarification of the entrapment defense in this case, the defendant raises two fundamental issues. One is whether he would be able to present an issue to the court or the jury concerning "sentencing entrapment," that is, whether the government engaged in "outrageous official conduct which overcomes the will of an individual predisposed only to dealing

in small quantities for the purpose of increasing the amount of drugs and the resulting sentence of the entrapped defendant." *United States v. Pullins,* 2000 WL 1720626, *5–6 (6th Cir.2000). The second issue is whether the entrapment defense would be available to a defendant who may be predisposed to deal in drugs, but not the type and quantity charged in the indictment.

The defendant's motion to strike surplusage from the indictment and the motion to dismiss the indictment are somewhat related. In the motion to strike, the defendant objects to the inclusion of the so-called sentencing factors added to the superseding indictment. In the motion to dismiss, the defendant claims that the government abused the grand jury process by disclosing the Sentencing Guidelines provisions relating to penalties for certain types and quantities of drugs.

## II.

■ The concept of sentencing entrapment, to the extent that it has been advanced as a basis for a downward departure, has never been accepted by the Sixth Circuit. *See United States v. Watkins,* 179 F.3d 489, 503 n. 14 (6th Cir.1999) (observing that "this court has yet to acknowledge that sentencing entrapment, even if proven, constitutes a valid basis for a downward departure"); *United States v. Jones,* 102 F.3d 804, 809 (6th Cir.1996)(stating that "while other circuits have recognized sentencing entrapment, this circuit has never acknowledged sentencing entrapment as a valid basis for a downward departure under the guidelines"); *see also United States v. Coleman,* 188 F.3d 354 (6th Cir.1999). This concept takes on less significance, perhaps, under a regime in which the Sentencing Guidelines are advisory rather than mandatory. *United States v. Booker,* 543 U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621, 2005 WL 50108 (January 12, 2005). Nonetheless, it does not

appear that an argument is available to the defendant that the Court should calculate the drug quantity and type within the drug quantity table in U.S.S.G. § 2d1.1(c) by discounting those amounts for which the defendant claims he was entrapped.

The entrapment defense as it might be presented to the jury presents different concerns. The Supreme Court has long recognized that a criminal defendant may assert the affirmative defense of entrapment. *See e.g. United States v. Russell,* 411 U.S. 423, 435, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973). As a matter of statutory construction, the Court reasoned, the defense of entrapment should be available to criminal defendants since "Congress could not have intended criminal punishment for a defendant who has committed all the elements of a proscribed offense, but was induced to commit them by the government." *Ibid.*

■ The Supreme Court has explained that a trial court should give the jury an entrapment instruction "whenever there is sufficient evidence from which a reasonable jury could find entrapment." *Mathews v. United States,* 485 U.S. 58, 62, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988). "A valid entrapment defense requires proof of two elements: (1) government inducement of the crime, and (2) lack of predisposition on the part of the defendant to engage *in the criminal activity.*" *United States v. Khalil,* 279 F.3d 358, 364 (6th Cir.2002) (citing *United States v. Nelson,* 922 F.2d 311, 317 (6th Cir.1990)) (emphasis added).

■ With respect to the first element, the defendant must offer some evidence that the conduct of the government extended beyond merely providing the opportunity to commit the offence. *United States v. McLernon,* 746 F.2d 1098, 1109 (6th Cir.1984). "Where a person is ready and willing to break the law, the mere fact that government agents provide what ap-

pears to be a favorable opportunity or participate themselves in the offense itself is not entrapment." *Ibid.* Furthermore, initial reluctance rapidly overcome by agreement does not evidence entrapment. *See United States v. Harris,* 9 F.3d 493, 498 (6th Cir.1993) (disputed question of predisposition for the jury where the defendant initially refused to sell cocaine, but then called back and agreed to conduct the sale). "A line must be drawn between the trap for the unwary innocent and the trap for the unwary criminal." *Sherman v. United States,* 356 U.S. 369, 372, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958). The use of informants alone generally will not warrant a finding of government inducement.

However, it is the second element of the defense that is problematic in this case and it is here that the defendant seeks guidance. It appears from the defendant's submissions that he intends to posit an entrapment defense on the idea that he was a low-level drug dealer in powder cocaine who was induced by the government to deal in crack, a more serious offense. He suggests that although he may have been predisposed to deal in other drugs, he was not predisposed to sell crack. The question presented is whether evidence of this nature will satisfy the second element of the defense sufficient to trigger the obligation to instruct the jury on the entrapment defense.

The Supreme Court in *Mathews* stated that predisposition "focuses upon whether the defendant was an 'unwary innocent' or instead, an 'unwary criminal' who readily availed himself of the opportunity to perpetrate *the crime.*" *Mathews,* 485 U.S. at 63, 108 S.Ct. 883 (emphasis added). "The crimes" in this case are those set forth in the indictment. The defendant's "simple plea of not guilty ... puts the prosecution to its proof as to all elements of the crime charged." *Id.* at 65, 108 S.Ct. 883 (citing Fed. R. Crim P. 11). Although

the Sixth Circuit has at times expressed confusion over whether the quantities and types of drugs constitute "elements" of a crime under 21 U.S.C. § 841, *see United States v. Zidell,* 323 F.3d 412, 431–32 (6th Cir.2003), there can be no doubt that where the kind and quantity of drug increases the statutory maximum penalty, as here in counts 2 and 3, the amount and type of drugs are elements of the offense that must be charged in the indictment and proved beyond a reasonable doubt. *See Harris v. United States,* 536 U.S. 545, 550, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002) (quoting *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and stating that " '[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum,' whether the statute calls it an element or a sentencing factor, 'must be submitted to a jury, and proved beyond a reasonable doubt' "); *see also Booker,* 543 U.S. ——, 125 S.Ct. 738, 755, 160 L.Ed.2d 621 (reiterating that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt") (opinion of the Court by Stevens, J.); *United States v. Cotton,* 535 U.S. 625, 632, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) (noting that "[t]he Government concedes that the indictment's failure to allege a fact, drug quantity, that increased the statutory maximum sentence rendered respondents' enhanced sentences erroneous under the reasoning of *Apprendi* and *Jones [v. United States,* 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999) ]"). The defendant has focused on the drug type and quantity as increasing the mandatory minimum under the statute. Although that feature alone will not transform sentencing factor into an element, *see*

*Harris,* 536 U.S. at 565, 122 S.Ct. 2406 (stating that "[w]hether chosen by the judge or the legislature, the facts guiding judicial discretion below the statutory maximum need not be alleged in the indictment, submitted to the jury, or proved beyond a reasonable doubt"), those facts also increase the statutory maximum sentence as well, thus invoking the rule set forth above.

■■ A factual defense of the nature proposed may seem implausible and unconvincing. After all, the jury will be entitled to consider "the character or reputation of the defendant, including any prior criminal record; whether the suggestion of the criminal activity was initially made by the Government; whether the defendant was engaged in the criminal activity for profit; whether the defendant evidenced reluctance to commit the offense, overcome only by repeated Government inducement or persuasion; and the nature of the inducement or persuasion supplied by the Government," *United States v. Barger,* 931 F.2d 359, 366 (6th Cir.1991), in assessing predisposition. But as difficult a task as this might be for the defendant, predisposition to commit a different crime, although relevant, is not disqualifying of an entrapment defense. The government's task at trial is proving the crimes charged. The defendant may defend on the basis that he was entrapped into committing the crimes charged, even if he was predisposed to engage in other, different criminal conduct. If the evidence supports the defendant's claim, the jury will be instructed accordingly.

### III.

■ The defendant's motions to strike and dismiss challenge the government's act of returning to the grand jury to obtain a superseding indictment that contains "sentencing factors." The defendant contends that this practice amounts to government misconduct and requires dismissal.

The Court need not decide whether misconduct was committed because subsequent developments in this jurisprudence, namely the Supreme Court's decision in *United States v. Booker,* have rendered the addition of sentencing factors to the indictment unnecessary.

■ The defendant claims that the grand jury was prejudiced by exposure to the Sentencing Guidelines. Whether it was or not, it plainly appears that the grand jury that returned the original indictment was not "contaminated" by such evidence. Since the superseding indictment added only the sentencing factors and nothing else, the Court believes that all prejudice, real and imagined, will be removed by dismissing the superseding indictment and proceeding to trial on the original indictment.

### IV.

Accordingly, it is **ORDERED** that the defendant's motion for clarification of the entrapment defense [dkt # 17] is **GRANTED IN PART,** and the defendant may submit an entrapment defense at trial in accordance with the guidelines set forth above.

It is further **ORDERED** that the defendant's motions to dismiss [dkt # 33] and to strike surplusage from the superseding indictment [dkt # 34] are **GRANTED IN PART.**

It is further **ORDERED** that the superseding indictment is **DISMISSED** and the matter will proceed to trial on the original indictment.